**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**March 14, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

  Plaintiff - Appellee,

v.

FORTINO CASTILLO-SALAZAR,
a/k/a Julio Cesarmoreno Sanchez,
a/k/a Julio Moreno, a/k/a Fortino
Catillo-Salazar,

  Defendant - Appellant.

No. 06-4039
(D.C. No. 2:04-CR-525-DB)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **MURPHY**, and **O'BRIEN**, Circuit Judges.[**]

  Defendant-Appellant Fortino Castillo-Salazar appeals his sentence, arguing

that the district court erred in failing to sentence him using the "safety valve" in

U.S.S.G. § 5C1.2. On November 17, 2005, Mr. Castillo pled guilty to one count

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

of possession with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. § 841(b)(1)(A). However, he refused to "truthfully provide[] to the Government all information and evidence [he] has concerning the offense" so that he could qualify for a safety valve reduction in his sentencing range. See U.S.S.G. § 5C1.2(5). The district court sentenced Mr. Castillo to 120 months of imprisonment followed by 24 months of supervised release.

Mr. Castillo timely moved to reopen his sentencing hearing so that he could provide information and qualify for the safety valve. Thereafter, he again chose not to provide information. Defense counsel informed the district court of his client's decision, and the court entered a final judgment on January 26, 2006.

Pursuant to Anders v. California, 386 U.S. 738 (1967), Mr. Castillo's counsel informs us that Mr. Castillo did not qualify for the safety valve because of his refusal to "truthfully provide[] to the Government all information and evidence [he] has concerning the offense . . . ." U.S.S.G. § 5C1.2(5). This, as counsel notes, is a prerequisite that a defendant must satisfy before he can be eligible for the safety valve. See id.

Mr. Castillo did not respond to his attorney's Anders brief; the government likewise determined that no response was necessary. Having reviewed the record, we detect no non-frivolous grounds for appeal. Accordingly, we will allow Mr.

Castillo's counsel to withdraw and DISMISS this appeal.  See United States v.

Calderon, 428 F.3d 928, 929-30 (10th Cir. 2005).


Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge